## Township of Bristol v. Tegzes

*John M. McClure*, for appellee.
*Clyde S. Waite*, for Township of Bristol.

GARB, *J.*, May 27, 1982—This is an appeal by the Township of Bristol from an order of the Civil Service Commission of that township directing that John H. Tegzes be reinstated as chief of police. We determine herein that the Civil Service Commission has no jurisdiction in the matter and therefore its order must be vacated.

Based upon the record made before the Civil Service Commission, we glean the following facts. On September 12, 1979, the township through its board of commissioners appointed Tegzes chief of police. On some date subsequent thereto the then president of the township board of commissioners submitted the name of Tegzes to the Civil Service Commission for the purpose of affording Tegzes civil service status apparently pursuant to the provisions of §638 of the First Class Township Code relating to appointments of police and firemen, the Act of June 24, 1931, P.L. 1206, art. VI, §638 added May 27, 1949, P.L. 1955, §20, 53 P.S. §55638.[1] Thereupon Tegzes was given a non-competitive examination by the Civil Service Commission and the fact that he passed was subsequently certified by the Civil Service Commission to the township board of commissioners. The examination was administered on December 10, 1979. The notification of Tegzes' successful completion of such examination was received by the chairman of the board of commissioners on December 12, 1979. At a meet-

---

1. The relevant portion of that section provides as follows:

"In the case of a vacancy in the office of chief of police or chief of the fire department or equivalent official, the township commissioners may nominate a person to the commission. It shall thereupon become the duty of the commission to subject such person to a non-competitive examination and if such person shall be certified by the commission as qualified he may then be appointed to such position and thereafter shall be subject to all the provisions of this sub-division."

ing of the board of township commissioners held on December 20, 1979 Tegzes' appointment as chief of police was ratified and by majority vote the board purported to afford him civil service status in that position.[2]

Prior to his appointment Tegzes had been a detective on the police department of the township. He continued, however, in the position of chief of police until January 4, 1982 when, by majority vote of the board of township commissioners he was removed from that position and demoted to the position of detective. This was not done pursuant to any charges brought against him. As a result thereof, Tegzes in writing requested a hearing before the Township Civil Service Commission. Such hearing was held and as a result thereof the Civil Service Commission made findings of fact and conclusions of law and entered an order reinstating Tegzes to the position of chief on the ground that he was protected by civil service status. The township has appealed that decision to this court.

Prior to the hearing by the Civil Service Commission the township filed an action in equity seeking to enjoin the Civil Service Commission from hearing Tegzes' appeal. The basis of that action in equity was the allegation that Tegzes did not have civil service status and, therefore, that the Civil Service Commission lacked jurisdiction. We refused the application for injunction and the hearing proceeded, resulting as aforesaid. Although we decide herein that the Civil Service Commission lacks jurisdiction, we arrive at that determination for a reason different from that advanced by the township in its action in equity and need not, at this

2. The question of whether Tegzes has civil service protection must be decided by a tribunal with the legal authority to so decide, and only after a fair hearing to all parties.

time, decide the question of whether Tegzes enjoys civil service status.

Section 644 of the First Class Township Code, 53 P.S. §55644 provides for the basis upon which any civil service employee, police or fireman, may be removed. It provides in relevant part as follows:

"No person employed in any police or fire force of any township shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violation of any law of this Commonwealth which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty; (6) engaging or participating in conducting of any political or election campaign otherwise than to exercise his own right of suffrage. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed with the commission."

Section 645, 53 P.S. §55645 provides for hearings on dismissals and reduction before the Civil Service Commission. In relevant part to the questions before us that section provides as follows:

"If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him not later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from

the filing of charges in writing unless continued by the commission for cause at the request of the township commissioners or the accused. At any such hearing, the person against whom the charges are made may be present in person and by counsel. The township commissioners, or the chief of police when the township commissioners are not in session, may suspend any such person without pay pending the determination of the charges against him, but in the event the commission fails to uphold the charges, then the person sought to be suspended, removed or demoted shall be reinstated with full pay for the period during which he was suspended, removed or demoted, and no charges shall be officially recorded against his record."

Although we have found no cases construing these particular sections of the First Class Township Code relevantly to the dispute now before us, the Commonwealth Court in Coleman v. Borough of Darby, 35 Commw. 175 _____ A. 2d _____, (1978) construed virtually identical sections of the borough code in a mandamus action brought on facts practically identical to this one. In that case the appellee had been appointed superintendent of police (construed by the court to be chief of police for purposes of the application of these sections of the borough code because he was the chief administrative officer of the police department) on April 20, 1972. On November 9, 1972 as required by the borough the appellee took a non-competitive civil service examination for this position and thereafter was duly certified as superintendent of police with civil service status and was so accepted in that position by the borough.

Subsequently appellee was removed from the position of superintendent of police by borough council but not for any of the reasons set forth in sec. 190 of the Borough Code. The Act of October 4,

1978, P.L. 962, 53 P.S. §46190. This section is virtually identical to §644 of the First Class Township Code. The appellee in Coleman brought an action in mandamus to require that he be reinstated as chief of police and such an order was entered by the lower court. On appeal the Commonwealth Court affirmed. In so doing the Commonwealth Court addressed an argument made by the borough to the effect that the appellee was bound initially to take his case before the Civil Service Commission of the borough under the provisions of sec. 191 of the Borough Code: The Act of June 3, 1971, P.L. 145, 53 P.S. §46191. This section is virtually identical to sec. 645 of the First Class Township Code. In addressing this argument the Commonwealth Court stated as follows:

"As the appellee correctly argues, however, since there was no allegation of any of the criteria set forth in §1190 of the Code existed, there was nothing for the Civil Service Commission to hear and hence no reason for the appellee to go before it." Page 178 to 179.

As we construe secs. 644 and 645 of the First Class Township Code we determine that they are interrelated because the hearing provisions of sec. 645 are only triggered when some action has been taken against a civil service employee under sec. 644 of the code. Section 644 sets forth with specificity the reasons for which such an employee may be suspended, removed or reduced in rank. Section 645 refers in terms of the hearing required before the Civil Service Commission to the specific charges made against the employee. Obviously, these charges refer to the specific reasons for the discipline imposed under sec. 644. Section 645 provides that the person so disciplined shall demand a hearing and that he may make "written answers to

any charges filed against him . . . " The commission is mandated to hold a hearing within ten days "from the filing of charges in writing . . . " The disciplined employee may be suspended without pay "pending the determination of the charges against him, . . . " and in the event that "the Commission fails to uphold the charges, . . . " then the disciplined employee shall be reinstated with full pay. Based upon this specific language of sec. 645 as it obviously relates to the only permissible reasons for discipline as set forth in sec. 644, we are satisfied that the hearing provisions of sec. 645 and therefore the jurisdiction of the Civil Service Commission to take some action thereupon only applies where there has been discipline based upon such charges.[3]

Therefore, we determine herein that there was no jurisdiction in the Civil Service Commission to hold any hearing upon the demotion of Tegzes from chief to detective under sec. 191 of the First Class Township Code because those hearings were not held pursuant to any charges brought under sec. 190 of the First Class Township Code. Therefore, the Civil Service Commission lacked jurisdiction and its order is a nullity and must be vacated.

## ORDER

And now, May 27, 1982, it is hereby ordered that the order of the Civil Service Commission of the Township of Bristol of February 3, 1982 is vacated.

---

3. Of course, that is not to say that the disciplined employee is without remedy, see Coleman v. Borough of Darby, supra.

It is regrettable that this long standing and important dispute cannot be resolved at this time. However, legal, due process and basic fairness considerations dictate that the question involved herein be decided in the context of a proper action before a proper tribunal and in a *fair* hearing.

Judge Sokolove did not participate in this decision.

## ORDER

And now, June 8, 1982, it is hereby ordered that this court's order of May 27, 1982 is corrected to provide that the order of the Civil Service Commission of the Township of Bristol of January 11, 1982 is vacated as well as the order of the Civil Service Commission of the Township of Bristol of February 3, 1982.